IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAY DEE PORTLEY, JR.,

                              Plaintiff,

          v.                              CASE NO. 06-3038-SAC

CITY OF WICHITA,
KANSAS,

                         Defendant.

MEMORANDUM AND ORDER

          This is a civil rights complaint, 42 U.S.C. 1983, filed by
Mr. Portley while he was an inmate of the Sedgwick County
Detention Facility, Wichita, Kansas (SCDF).  Plaintiff names as
defendant the City of Wichita, Kansas.  Plaintiff's allegations
in his complaint are difficult to decipher, but the court has
construed the allegations as follows.


FACTUAL ALLEGATIONS AND CLAIMS

          Plaintiff alleges he was arrested on or about August 30,
2005, and detained as a result of a bench warrant issued by the
Wichita Municipal Court.  He further alleges he appeared the next
day in court when his "O.R bond had already been revoked for
failure to appear," and was found in contempt of court for
failure to appear.  Apparently, a jail term and assessments were
imposed.  He complains the court did not issue any "prior
citation" for failure to appear, and did not provide "waiver of
counsel or any record for an appeal." He claims penalties were
unlawfully imposed "for revoking his O.R. bond."  He also asserts

the Wichita Municipal Court lacked jurisdiction.

Apparently, plaintiff was released on probation in September, 2005, and was re-arrested December 20, 2005.  He then appeared in Wichita Municipal Court again, and now complains of unlawful "recall bench warrants" and "excessive bail" by the Wichita Municipal Court[1].  He lists 5 municipal ordinance violations with which he was charged.

Plaintiff alleges, in conclusory fashion only, that his constitutional rights have been violated and he has suffered emotional and mental stress as well as pain and suffering.  He refers to equal protection, an "affidavit of citation filed probable cause," a "citation of information filed," "waiver of counsel," and excessive bail contrary to the cruel and unusual punishment clause.


**RELIEF REQUESTED**

Plaintiff seeks money damages, an order enjoining all persons employed by Wichita Municipal Court, apparently from not following proper procedures for revoking bonds, failure to appeal and in contempt proceedings; as well as a declaratory judgment that the procedures used for revoking his O.R. Bond, failure to appear, and contempt violated plaintiff's rights.


**MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff also filed a motion for leave to proceed in forma

---

[1]

Plaintiff uses the phrase "Wichita official policy, custom and procedure practices" in almost all his sentences.  It is not at all clear from the complaint what municipal policies he challenges or how he claims they violated his federal constitutional rights.

pauperis (Doc. 2) with his complaint.  His initial motion was not adequately supported as required in 28 U.S.C. 1915, and plaintiff was granted time to submit a proper motion on forms.  The order regarding this motion was mailed to plaintiff and was returned to this court as undeliverable and "No Longer in Custody."

The court then issued an order requiring plaintiff to show cause why this matter should not be dismissed for lack of prosecution.  Within this show cause time limit, plaintiff filed a "responsive pleading" and memorandum.  Therein, he alleged that SCDF "withheld his federal mail before March 31, 2006" and intentionally returned it.  He also alleged he was released on probation but was rearrested on March 27, 2006 "on an old warrant."  Since the mail sent by this court and returned was mailed prior to March 27, 2006, it does not appear that the mail was improperly withheld or returned[2].  Moreover, since plaintiff's response to the court's show cause order was filed within the time allotted by the court, this action has not impeded by the return[3] of the court's initial order.

Plaintiff filed a second motion for leave to proceed in forma pauperis and an affidavit in support (Docs. 8 & 9) on May 3,

---

[2]

Plaintiff's conclusory allegations of forgery and giving false information, and his request for "equitable relief of damage counterclaim" against the SCDF to prevent future tampering with his federal mail, are not supported by any facts.  These allegations at this point seem to be made mostly to excuse his failure to respond to the court's order to file an adequate in forma pauperis motion.

[3]

Plaintiff asks the court to mail him a "Fed.R.Civ.P. Rule Book" so he can avoid "further lack of prosecution."  Plaintiff also alleges he is unable to get "timely notary and copies."  However, plaintiff does not show administrative exhaustion on either of these matters, or allege specific personal harm.  The court finds no claim is stated by these conclusory allegations and no relief is warranted.

2006. The court considers this motion even though it was filed outside the time limit set by the court. The court finds good cause exists for plaintiff's failure to file within the time limit because he was released, re-arrested, confined in a different facility, and returned to SCDF during this brief time span. However, plaintiff is reminded that it is his responsibility at all times to keep the court apprised of his current address.

Plaintiff's second motion for leave to proceed in forma pauperis is not on forms provided by the court, as previously ordered. Consequently, it unnecessarily contains a lengthy statement of general, legal arguments and authorities relating to civil rights claims. Starting on page 8 plaintiff does pose several questions regarding financial information, but answers them "N/A" instead of providing the information regarding bank accounts, jobs, or money from other sources. Plaintiff does not provide a certificate showing transactions in his institutional accounts in all institutions in which he has been detained over the preceding six (6) months, or clearly state why that information is not provided. Instead, he attaches an uncertified sheet showing 3 entries in April and 1 in January, 2006 from the Finney County Jail and an "Inmate Communication Form" from Finney County Jail with the Jail Deputy stating Mr. Portley "has been indigent since 4/5/06 and has a negative balance." Plaintiff has recently submitted two uncertified journal sheets from the SCDF, which have been filed as a supplement to his second motion for leave to proceed in forma pauperis. Obviously plaintiff has made

4

an effort to satisfy the requirements of 28 U.S.C. 1915(a)(2)[4]
even though he has not complied with the court's order and local
rule to utilize forms.  Before the court would issue summons in
this case, it would require that plaintiff utilize the forms, or
submit the filing fee for this case which is $350[5].  However, the
court finds this action should be dismissed under 28 U.S.C.
1915A(b)(1) and (2), without the issuance of summons.
Accordingly, plaintiff's second motion for leave to proceed in
forma pauperis and pro se (Doc. 8) is dismissed as moot.


**AMENDED COMPLAINT**

---

[4]     This statute pertinently provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees . . . (1) shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."

[5]     The court takes judicial notice of the order entered by the Honorable Judge Wesley E. Brown in Portley v. Westar Energy, Case No. 02-3117 (D.Kan. Feb. 27, 2003, unpublished) wherein Judge Brown found Mr. Portley had produced a "long string of vexatious litigation" in the Federal District of Kansas which was "abusive and frivolous." In this order, Judge Brown enjoined plaintiff "from proceeding or filing any further matters in this Court . . . without the representation of a licensed attorney . . . , unless (he) first obtain leave to proceed pro se." Judge Brown listed specific steps plaintiff was required to take to obtain such leave, including submitting with each of his new cases a list of all lawsuits previously filed by him in this District and a copy of Judge Brown's injunction.  The court notes that some of the requirements to proceed pro se set out by Judge Brown in plaintiff's regular civil cases appear to be similar in purpose to the screening process this court is required to undertake in prisoner cases under 28 U.S.C. 1915A.  The court further notes that plaintiff has not complied with Judge Brown's order in this case.
        The instant civil complaint filed while plaintiff was detained is governed by the "three strikes" provision of 28 U.S.C. 1915(g).  Section 1915(g) provides:
            In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
This provision requires a prisoner established to be a "frequent filer" as set out therein to prepay the entire filing fee before federal courts may consider their civil actions and appeals." White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999).  It does not appear to this court that plaintiff has filed cases, other than this one, since the passage of this provision which qualify as strikes. However, the court notifies plaintiff that this civil rights action, which fails to state a claim, will count as a "strike" against him once this decision is final.

Plaintiff has filed an "Amended Complaint" (Doc. 10), as a matter of right under Rule 15(a), Fed.R.Civ.P., and a document encaptioned a "Cross-Claim Complaint" which this court has treated as a motion for leave to file a second amended complaint (Doc. 11).  Plaintiff must obtain leave of court to file a second amended complaint.

Plaintiff's first Amended Complaint alleges Wichita has a policy of "revoking O.R. Bond for failure to appear, after granting O.R. Bond for release to appear."  The main difference from the original complaint seems to be that he adds events on March 27, 2006, when he was arrested and detained for at least the third time "without issuing any 'show cause' order, from a previous O.R. Bond granted for release."  Plaintiff clarifies that he incriminated himself due to lack of counsel, and that he was arrested on bench warrants without affidavits of probable cause.  He adds two city ordinance violations to his list to make seven violations.  In screening, the court has considered the claims raised, as amended.

## MOTION TO FILE SECOND AMENDED COMPLAINT

The court has reviewed plaintiff's proposed second amended complaint and finds it defective for several reasons.  It seeks to raise a new, unrelated claim[6] against different defendants, and

---

[6]
Plaintiff encaptioned this document as a "cross-claim complaint." He seeks to add defendants and claims, so the court construed it as a proposed amended complaint.  However, if leave to amend were granted, this complaint would supercede the original and first amended complaints, and the claims raised in the second amended complaint would be all that remained in this action.  That does not appear to be plaintiff's intent.  The court could have construed this as a supplement to the complaint, but believes it is in the nature of a proposed amendment.  In either event, the content has been reviewed, is defective and adds nothing to this action for the reasons stated.

attempts to add employees of the SCDF as defendants.   However,
precisely what persons plaintiff wants named as defendants is
unclear.   He names "the Administrative Department" of SCDF, et
al., a municipal department, in the caption of his complaint and
asks for damages from the SCDF only.   These are entities and
neither is "a person" suable for money damages under 42 U.S.C.
1983.   At the start of his complaint he lists the defendants by
referring to two titles: "Senior Officer Assistant" and "Inmate
Coordinator."   In the body, he mentions only employees in general
and the "supervisor."   He refers in the body to the "supervisor"
of the SCDF, rather than titles first listed, and makes
conclusory allegations of failure to train and supervise,
deliberate indifference, and intentional interference.   In sum,
plaintiff does not name "persons" as defendants and allege
personal participation by them in the alleged illegal acts, as
required to state a claim under 42 U.S.C. 1983.

     The basis for this proposed amendment is plaintiff's claim
that SCDF employees withheld this court's order dated March 23,
2006, and returned it to the court.   As previously noted, the
facts do not support this claim since plaintiff was not back at
SCDF until March 28, 2006, and this court mailed its order on the
date it was issued, March 23, 2006.   Thus, the amendment does not
appear to state a valid claim.   Finally, plaintiff does not
allege that he has exhausted available administrative remedies on
his claim of interference with his federal mail.   The court
concludes that plaintiff's motion for leave to file the proposed
second amended complaint (Doc. 11) should be denied.

**SCREENING**

Because Mr. Portley is a prisoner, the court is required by statute to screen his complaint, as amended, and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a claim.

Plaintiff names the City of Wichita as the sole defendant due to its alleged operation of the Wichita Municipal Court.  The United States Supreme Court has clearly stated that judicial immunity is an absolute defense to claim for damages under Section 1983.  Pierson v. Ray, 386 U.S. 547, 553-555 (1967).  Municipalities also enjoy immunity from such suits.  Although plaintiff repeatedly recites a catch phrase regarding policy and practice, he utterly fails to allege facts indicating the City of Wichita or the Wichita Municipal Court would not be immune to his suit for money damages.

Furthermore, plaintiff's challenges to procedures and judicial actions in proceedings against him in Wichita Municipal Court call into question his convictions in that court.  In order to recover damages for alleged harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the convictions or sentences have been reversed on direct appeal, expunged, or declared invalid by some authorized legal process.  He may not

sue for money damages under 42 U.S.C. 1983 based upon such claims
so long as those convictions have not been invalidated.  Heck v.
Humphrey, 512 U.S. 477, 483 (1994).

    While, the court might construe the complaint as a habeas
corpus action under 28 U.S.C. 2254, it appears unlikely that
either administrative remedies[7] or state court remedies[8] have been
exhausted.

    **IT IS THEREFORE ORDERED** that plaintiff's first motion for
leave to proceed in forma pauperis (Doc. 2) is denied as
inadequate under 28 U.S.C. 1915, and plaintiff's motion for leave
to file a second amended complaint (Doc. 11) is denied.

    **IT IS FURTHER ORDERED** that this action is dismissed and all
relief denied for failure to state a claim.

    **IT IS FURTHER ORDERED** that plaintiff's second motion for
leave to proceed in forma pauperis and to proceed pro se (Doc. 8)
is denied as moot.

    **IT IS SO ORDERED.**

---

[7]

    Congress has provided in 42 U.S.C. 1997e(a) that no action shall be brought with respect to
confinement under section 1983, or any other Federal law, "by a prisoner confined in any jail, prison, or
other correctional facility until such administrative remedies as are available are exhausted." Total exhaustion
is required of all claims raised.  If a prisoner submits a complaint containing one or more unexhausted claims,
the district court ordinarily must dismiss the entire action without prejudice.  Ross v. County of Bernalillo,
365 F.3d 1181, 1190 (10th Cir. 2004).  Plaintiff does not indicate that he sought relief through any
administrative process on any of his claims.

[8]

    Plaintiff does not allege that he has presented all his claims regarding his convictions in Wichita
Municipal Court for violations of city ordinances to the courts of the State of Kansas.  Plaintiff refers in his
response to a K.S.A. 60-1507 action, which he states has been put "on hold," and exhibits inmate request
forms in which he refers to a 1507 action "filed on or about January 28, 2006."  Such an action would have
been filed in a state county court, not this federal court.  Plaintiff must have raised all challenges to his
convictions in a state proceeding like a 60-1507 petition, and must present all his claims ultimately to the
Kansas Supreme Court , before he may challenge the legality of such proceedings in federal court.

Dated this 17th day of May, 2006, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge