IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAY DEE PORTLEY, JR.,

                          Plaintiff,

        v.                                CASE NO. 06-3038-SAC

CITY OF WICHITA,
KANSAS,

                          Defendant.

<u>**MEMORANDUM AND ORDER**</u>

      This civil rights complaint filed under 42 U.S.C. 1983 was dismissed and all relief was denied by Memorandum and Order entered on May 17, 2006. The action was dismissed upon screening under 28 U.S.C. 1915A(b)(1) and (2), without the issuance of summons, due to a number of deficiencies discussed in the Memorandum and Order. Plaintiff has filed a Motion for Reconsideration (Doc. 15) from the Order of Dismissal with a Memorandum in Support (Doc. 16). Having considered these filings, the court finds no reason is stated or exists for this court to alter or amend, or grant relief from, its judgment dismissing this action.

      Plaintiff appears to argue that this court improperly considered the merits of his claims because it also found he had not filed an adequate motion for leave to proceed in forma pauperis. Plaintiff's claims were dismissed upon screening

which is a process that may take place even before the action is docketed.  See 28 U.S.C. 1915A(a).  During this process, the court "shall . . . dismiss the complaint, or any portion, if the complaint . . . fails to state a claim . . . ."  28 U.S.C. 1915A(b).  Moreover, 28 U.S.C. 1915(e)(2) provides, " . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim . . . or seeks monetary relief against a defendant who is immune from such relief."

The court dismissed the action on these general grounds based upon findings that plaintiff failed to adequately plead exhaustion of either administrative or state judicial remedies on all his claims, failed to allege facts indicating the City of Wichita or the Wichita Municipal Court would not be immune to his suit for money damages, failed to name "persons" as defendants and allege their personal participation, and his main claims were of a habeas corpus nature and therefore barred by Heck v. Humphrey, 512 U.S. 477, 483 (1994).

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 15) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2006, at Topeka, Kansas.

2

s/Sam A. Crow  
U. S. Senior District Judge

3